UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:19–CR–5 |
| | ) | |
| | ) | |
| HAROLD VERNON SMITH | ) | |

ORDER

This matter is before the Court on Defendant's Objections to Magistrate's Report and Recommendation. [Doc. 78]. The United States responded in opposition. [Doc. 80]. After reviewing the Parties' arguments, record, and applicable law, the first Objection is OVERRULED, and the second objection is PRETERMITTED. The Report and Recommendation, [Doc. 77], is AFFIRMED, ADOPTED, and MODIFIED to be consistent with this Order.

I. Background

Apart from objecting to Judge Wyrick's finding that Defendant's friend drove the vehicle that the officers rode in when arresting Defendant, Defendant raises no objections to the findings of fact in the Report and Recommendation ("R&R"). [Doc. 78, PageID 245–46]. The Court therefore adopts Judge Wyrick's findings of fact as if fully set forth herein, with the exception of this one factual dispute.[1]

II. Legal Standard

When reviewing a magistrate judge's recommendation on a dispositive issue, the Court conducts a de novo review of that recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A magistrate judge's recommendation on a motion to suppress evidence is a dispositive

---
[1] Ultimately, the Court does not need to resolve this factual dispute.

1

issue. *See United States v. Raddatz*, 447 U.S. 667, 677–78 (1980) ("[T]he resolution of a suppression motion can and often does determine the outcome of the case[.]"); *Ford Motor Co. v. U.S. Customs & Border Protection*, No. 06–13346, 2012 WL 162353, at *1 (E.D. Mich. Jan. 19, 2012) (stating that "motions to suppress in criminal cases are considered dispositive under 28 U.S.C. 636(b)(1)(A)"); *United States v. Barclay*, No. 10-20570, 2011 WL 1627072, at *1 (E.D. Mich. Apr. 27, 2011) (stating that "[m]otions to suppress evidence in a criminal case are treated as dispositive motions" (citing 28 U.S.C. § 636(b)(1)(A)). A de novo review requires the Court "to give fresh consideration" to the issues before it. *Raddatz*, 447 U.S. at 675 (quotation omitted). In doing so, the Court reaches "the ultimate determination of the matter" through its own judicial discretion. *Id.* at 675–66. After its review, it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**III.    Objections**

Defendant objects on two grounds, both regarding standing and his expectation of privacy under the Fourth and Fourteenth Amendments. First, he argues that the R&R overly relies on the conclusion that he was a trespasser when deciding that he had no expectation of privacy. Second, he argues that the R&R incorrectly concluded that he had no reasonable expectation of privacy because of the terms and conditions of his parole.

**IV.    Analysis**

The Fourth Amendment of the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. When a police officer performs a search that violates a defendant's Fourth Amendment rights, that defendant may move to exclude any evidence that the

2

officer discovered at the time of the search. Fed. R. Crim. P. 12(b)(3)(C); *United States v. Haygood*, 549 F.3d 1049, 1053 (6th Cir. 2008).

The first step in a Fourth Amendment analysis is determining if a Defendant has standing. Under the Fourth Amendment, a defendant has "standing" if he or she "has a reasonable expectation of privacy under the Fourth Amendment." *United States v. Smith*, 263 F.3d 571, 582 (6th Cir. 2001). A defendant has standing to contest the admissibility of evidence obtained from a search only if he has a legitimate expectation of privacy during the search. *United States v. Peters*, 194 F.3d 692, 695–96 (6th Cir. 1999). "A legitimate expectation of privacy incorporates two elements: first, whether defendant 'exhibited an actual (subjective) expectation of privacy,' and second, whether the defendant's subjective expectation is 'one that society is prepared to recognize as reasonable.'" *Id.* (quotation omitted). The second element, phrased differently, is a question of whether a defendant's subjective expectation of privacy is objectively reasonable. *United States v. Washington*, 573 F.3d 279, 282–83 (6th Cir. 2009). An expectation of privacy is objectively reasonable only when it is one that "society is prepared to recognize as legitimate." *Id.* at 283 (quotation omitted). "[A] defendant claiming that a search violated his Fourth Amendment rights has the burden of demonstrating that he had a legitimate expectation of privacy in the place that was searched." *United States v. Mastromatteo*, 538 F.3d 535, 544 (6th Cir. 2008) (quotation omitted). If a defendant does not discharge this burden, he lacks standing to contest the search. *United States v. Mathis*, 738 F.3d 719, 729 (6th Cir. 2013).

Although it is unclear from the record whether Defendant had a subjective expectation of privacy, the Court will overrule Defendant's first objection based on a lack of a reasonable, objective expectation of privacy. The Court disagrees with Defendant's premise that the R&R solely relied on Defendant's status as a trespasser when deciding that he did not have a reasonable

3

expectation of privacy. [Doc. 78, PageID 248]. The R&R states that "Defendant's bag was found out in the open[,] in a grassy area near the tree line but not in the vicinity of Defendant's arrest" and distinguishes cases where the owners of personal property "kept [their personal property] in a place that demonstrated some intent to keep the bags private from others." [Doc. 77, PageID 241–42]. These considerations do not involve Defendant's status as a trespasser.

Stepping back from Defendant's incorrect premise, Defendant makes several correct statements but ultimately comes to the wrong conclusion. Defendant is correct in that "his lack of ownership in the land itself is but one factor to consider when examining the totality of the circumstances." [Doc. 78, PageID 248]. Also, Defendant is correct in that the Court evaluates whether he had an expectation of privacy in his suitcase, not whether he had an expectation of privacy in the land. [*Id.* at 247]. But ultimately, Defendant's arguments and cited case law only point in one direction—he had no reasonable expectation of privacy.

A suitcase or briefcase normally has a strong expectation of privacy. *United States v. Oswald*, 783 F.2d 663, 666 (6th Cir. 1986). But "such an expectation can be given up." *Id.* The privacy interest can be given up if the property is abandoned. *Id.* at 667. Abandonment is not a matter of a property interest in an object; a person can abandon their property (and the expectation of privacy that goes with it) while retaining a "legally enforceable possessory interest in the property." *Id.* Once a privacy interest has been abandoned, it can't be reestablished "solely by virtue of the fact that the person happens to be guilty of a crime." *See id.* at 667.

Although not binding authority, Defendant cites to a very analogous case, *United States v. Wilson*. In *Wilson*, the district court ruled that the defendant did not have an expectation of privacy when he left his suitcase hidden in a cemetery. 984 F. Supp. 2d 676, 682–83 (E.D. Ky. 2013). The suitcase was nearby, but removed from, the defendant's campsite, and although somewhat hidden

4

under a tree, it was easily spotted by a pedestrian. *Id.* at 683. The defendant had also covered the suitcase with plastic to protect its contents from the elements. *Id.* at 679. Law enforcement searched the suitcase and found evidence of a crime. *Id.* at 679–80. The defendant sought to suppress the evidence. *Id.* at 678. The Eastern District of Kentucky court ruled that based on those facts, the defendant did not have a reasonable expectation of privacy that society was willing to recognize, and the evidence was not suppressed. *Id.* at 683.

In this case, like *Wilson*, several facts show that Defendant abandoned his property under the Fourth and Fourth Amendments and his expectation of privacy. He left his suitcase in a grassy area on the edge of a wooded area. [Doc. 77, PageID 238]. The pictures of the suitcase taken in the grassy area indicate that Defendant made no attempt to hide his suitcase. [Doc. 74, Exhibits 6–7]. Plus, he left the luggage in an area that he did not own, and nothing in the record indicated that he had permission to be there. [Doc. 77, PageID 238]. Whether he is guilty of trespass under Tennessee law is a detail that is not necessary to decide considering the totality of the circumstances. Leaving his suitcase out in a field in a grassy area that he did not own without attempting to hide it shows that Defendant abandoned his suitcase and expectation of privacy.

Defendant states that the Court should consider a report that states that Defendant told law enforcement about the location of the suitcase. [Doc. 78, PageID 248 n.2]. Sheriff Wesley Holt, who was an officer at the time of Defendant's arrest, found the suitcase, and he testified at the evidentiary hearing that he did not know any information about the suitcase when he found it. [Doc. 79, PageID 313]. Even if Sheriff Holt had been told the location of the suitcase, it would have little, if any, effect on the analysis of whether Defendant abandoned his expectation of property.

Defendant cites two more cases to support his argument, but they are distinguishable. First, *State v. Mooney*, 588 A.2d 149, 161 (Conn. 1991), relied heavily on *United States v. Chadwick*, 433 U.S. 1 (1977), which has been abrogated by *California v. Acevedo*, 500 U.S. 565 (1991). Because of the abrogation of *Chadwick* on the issue at hand, *Mooney* is not persuasive. Second, *United States v. Sandoval* is distinguishable because *Sandoval* involved the warrantless search of a tent on public land. 200 F.3d 659, 661 (9th Cir. 2000). The warrantless search of a tent is much different than the search of a suitcase left in a field. Society is much more likely to recognize an expectation of privacy regarding a tent left in an area than a suitcase in the same exact area. A tent signifies that someone intends to stay in the tent and to sleep there, that is, not abandoning the tent, while a suitcase is more likely to mean that the owner has abandoned it.

Because the R&R did not solely rely on Defendant's lack of property interest in the property where his luggage was found and because Defendant abandoned his privacy interest, Defendant had no expectation of privacy, and the first objection is overruled.

Because the first objection has been overruled, the second objection would have no effect on the outcome of this Motion, and the Court will pretermit the second objection.

## V. Conclusion

For the reasons stated above, the Report and Recommendation, [Doc. 77], is AFFIRMED, ADOPTED, and MODIFIED to be consistent with this Order. Defendant's Motion to Suppress, [Doc. 62], is DENIED.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE