UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-00005-JRG-CRW |
| | ) | |
| HAROLD VERNON SMITH | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Harold Vernon Smith's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 195]. The Federal Defender Services of Eastern Tennessee has reviewed Defendant's case and notified the Court that it does not intend to file a supplemental motion on his behalf. [Doc. 199]. The United States responded in opposition. [Doc. 203]. As discussed below, Defendant's motion will be **DENIED**.

## I. BACKGROUND

In March 2021, a federal jury found Defendant guilty of possession of a firearm by a convicted felon and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Doc. 143; Doc. 166 at 1]. At sentencing, Defendant had a guideline range of 235 to 293 months' imprisonment. [Doc. 167 at 1]. The Court sentenced him to a term of 235 months. [Doc. 166 at 2]. His expected release date is in September 2037. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (accessed September 16, 2026).

Defendant now moves for compassionate release based on his age and medical conditions, family circumstances, and other reasons. [*See generally* Doc. 195 at 5–29]. He also highlights his rehabilitative efforts. [*Id.* at 29–31]. The United States opposes Defendant's motion on the grounds that Defendant has not exhausted all his claims; he has not established an extraordinary and compelling reason for a sentence reduction; and the 18 U.S.C. § 3553(a) factors militate against

any reduction [Doc. 203 at 4, 5, 16].

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under the compassionate release statute, a defendant may seek a sentence reduction after exhausting administrative remedies with the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). The district court is authorized to grant compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors in 18 U.S.C. § 3553(a), to the extent that they apply." *Id.* A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III. DISCUSSION

Even if Defendant could satisfy the other requirements for compassionate release, the § 3553(a) factors weigh against a sentence reduction. To begin with, Defendant's criminal conduct was serious. Not only did he illegally possess a firearm and ammunition, he committed the offense while attempting to evade detection and arrest by law enforcement. [Doc. 174 at 31–32]. And at the time, Defendant was on parole for armed robbery. [Doc. 146 ¶ 34].

Moreover, Defendant has a lengthy criminal history. He has been convicted of multiple armed robberies, as well as grand larcenies, assault with a deadly weapon with intent to kill, resisting arrest, and prison escapes, among other offenses. [*Id.* ¶¶ 28–42]. These crimes span Defendant's life, from the age of nineteen to the age of sixty-seven, when he committed the instant

offense. [*Id.*]. At sentencing the Court found that Defendant presented such a risk to the community that a guideline sentence of 235 months was warranted, even though the Court recognized that this could be a life sentence, considering Defendant's age and poor health. [Doc. 174 at 41].

The Court also considers the amount of time Defendant has served. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). To date, Defendant has only served approximately four years and eight months of his sentence. [Doc. 203-1 at 2]. The fact that Defendant has not yet served one third of his sentence weighs against his immediate release.

To his credit, Defendant has made substantial rehabilitative efforts. The record shows that while incarcerated he has completed the nonresidential drug abuse treatment program, engaged in 200 hours of other programming, served as an inmate companion for the suicide prevention program, and incurred no disciplinary sanctions. [Docs. 203-2, 203-3]. Defendant's participation in BOP programming and good conduct weigh in his favor. The Court also recognizes that Defendant is now seventy-six years old and suffers from chronic obstructive pulmonary disease and other health concerns. [*See generally* Doc. 204].[1] However, given Defendant's extensive criminal history and the percentage of his sentence served, the § 3553(a) factors weigh against Defendant's release at this time. A sentence reduction would not provide just punishment, reflect the seriousness of the offense, and promote respect for the law.

## IV. CONCLUSION

Because the § 3553(a) factors weigh against a sentence reduction, Defendant's

---

[1] The Court also notes Defendant submitted letters of support from family and friends, which the Court has reviewed. [Doc. 195-6 at 64–79].

compassionate release motion [Doc. 195] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER

UNITED STATES DISTRICT JUDGE